UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| CORNELIUS L. HARRIS,<br>    Plaintiff, | Case No. 1:20-cv-336<br>Cole, J.<br>Litkovitz, M.J. |
| vs. | |
| RONALD ERDOS, *et al.*,<br>    Defendants. | **ORDER AND REPORT AND RECOMMENDATION** |

This matter is before the Court on plaintiff's motion for leave to file a motion to compel discovery (Doc. 13); plaintiff's motion for leave to amend the complaint (Doc. 14); plaintiff's motion requesting: an extension of time to file a motion to compel discovery, a waiver of the requirement that plaintiff serve a copy of every further pleading on defendants, a preliminary injunction and temporary restraining order, and a case status conference (Doc. 15); plaintiff's motion for extension of time (Doc. 19); defendants' status report regarding discovery (Doc. 20); and defendants' motion for extension of the discovery and dispositive motion deadlines (Doc. 21).

For good cause shown, plaintiff's and defendants' motions to extend the discovery and dispositive motion deadlines (Docs. 19, 21) are **GRANTED**. The discovery deadline is extended to **July 12, 2021** and the dispositive motion deadline is extended until **August 12, 2021.**

Plaintiff's motion for leave to amend the complaint seeks to clarify the conditions of confinement claim alleged in the original complaint and to add a retaliation claim. (Doc. 14). To the extent plaintiff seeks to clarify the specific conditions he encountered in his cell in March and April 2020, the motion is **GRANTED**.

However, to the extent plaintiff alleges that defendants Erdos and Galloway ordered metal coverings be placed on his cell door and vent in retaliation for plaintiff's grievances, the

motion should be denied. The Court may deny a motion to amend where, as here, the complaint as amended could not withstand a motion to dismiss. *See Miller v. Calhoun County*, 408 F.3d 803 (6th Cir. 2005) (citing *Neighborhood Development Corp. v. Advisory Council on Historic Preservation, Department of Housing and Urban Development, City of Louisville*, 632 F.2d 21, 23 (6th Cir. 1980)). A prisoner's claim of retaliation for engaging in protected conduct is grounded in the First Amendment. *Jones v. Caruso*, 421 F. App'x 550, 553 (6th Cir. 2011) (citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 388 (6th Cir. 1999) (en banc)). A retaliation claim has three elements: (1) the prisoner engaged in protected conduct; (2) an adverse action was taken against the prisoner that "'would deter a [prisoner] of ordinary firmness from continuing to engage in that conduct'"; and (3) the prisoner's protected conduct, at least in part, motivated the adverse action. *Id.* (quoting *Thomas v. Eby*, 481 F.3d 434, 440 (6th Cir. 2007), in turn quoting *Thaddeus-X*, 175 F.3d at 394).

In this case, the proposed amended complaint contains no allegations that plausibly suggest that defendants Erdos and Galloway acted in response to protected conduct under the First Amendment. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538–39 (6th Cir. 1987)). "[N]ot every claim of retaliation by a disciplined prisoner, who either has had contact with, or has filed a lawsuit against prison officials, will state a cause of action for retaliatory treatment. Rather, the prisoner must allege a chronology of events from which retaliation may plausibly be inferred." *Cain v. Lane*, 857 F.2d 1139, 1143 n.6 (7th Cir. 1988) (citing *Benson v. Cady,* 761 F.2d 335, 342 (7th Cir. 1985) (noting that "alleging merely the ultimate fact of retaliation is insufficient")). Without any "further factual enhancement" plaintiff's conclusory allegation

of retaliation is simply insufficient to state an actionable claim for relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *See also Whiteside v. Collins,* No. Civ.A. 2:08-cv-875, 2009 WL 4281443, at *9 (S.D. Ohio Nov. 24, 2009) (finding the plaintiff's retaliation claim was subject to dismissal, noting that "conclusory allegations of retaliatory motive and temporal proximity alone are insufficient to establish his retaliation claim") (Report and Recommendation), *adopted*, 2010 WL 1032424 (S.D. Ohio Mar. 17, 2010). Accordingly, plaintiff's motion to amend the complaint should be denied to the extent plaintiff seeks to add a retaliation claim against defendants Erdos and Galloway.

Plaintiff's motions for leave to file a motion to compel discovery (Docs. 13, 15) are **DENIED**, subject to reconsideration upon the filing of a renewed motion to compel within 21 days of the date of this order. After plaintiff filed his motions, defendants provided plaintiff with significant additional discovery. Counsel for defendants states that on April 9, 2021, defendants mailed supplemental responses to plaintiff's first and second requests for production of documents with a number of printed pages, including 1,740 pages of plaintiff's medical records from March 3, 2020 through May 18, 2020, which have been provided to plaintiff without cost. (Doc. 20). In light of this information, plaintiff shall review the discovery responses to assess whether he believes there are any deficiencies warranting a renewed motion to compel discovery. If so, plaintiff shall file a renewed motion to compel discovery no later than 21 days from the date of this Order.

Plaintiff's motion to waive the requirement that plaintiff serve a copy of every further pleading on defendants (Doc. 15) is **DENIED**, subject to the following. Each time plaintiff files a document or any papers with the Court, he must make sure that either the defendants' attorney (or if none, the defendant) receives a copy. *See* Fed. R. Civ. P. 5(d); S.D. Ohio Civ. R. 5.2.

Specifically, the local rules of this Court require "[p]roof of service of all pleadings and other papers . . . in compliance with Fed. R. Civ. P. 5(d)." S.D. Ohio Civ. R. 5.2(a). There must be a "Certificate of Service" at the end of every document plaintiff files with the Court verifying that he has served the document on counsel for defendants or the defendants themselves if not represented by counsel. The Certificate of Service must contain: (1) the names of the individuals being served; (2) how the documents are being served (via electronic filing or by mail); (3) the mailing or delivery address, if service is done by mail or personal delivery; (4) the date plaintiff served the documents; and (5) plaintiff's signature verifying service. *Id*. The local rules of this Court also permit a party to make service electronically "through the Court's ECF system on parties who are registered users of the system as provided in Fed. R. Civ. P. 5(b)(2)(E)[1]." S.D. Ohio Civ. R. 5.2(b). Therefore, if the parties and/or counsel representing such parties are registered users of the Court's ECF system, plaintiff is permitted to serve his papers on such parties or counsel in accordance with the local rule by including a certificate of service that specifies the method of service as set forth in the local rules. Attached is a sample certificate that is included in the Court's Pro Se Handbook listed on the Court's website. *See* https://www.ohsd.uscourts.gov/pro-se-handbook.

To the extent plaintiff requests that the Clerk of Court return a filed and stamped copy of any document plaintiff submits for filing, that request is denied. Plaintiff must provide an additional copy of any document to the Clerk of Court if he wishes to have a copy returned to him after filing. The Court is not required to fund plaintiff's litigation efforts and plaintiff has no constitutional right to free copies of documents. *See Bell-Bey, v. Toombs*, No. 93-2405, 1994

---

[1] Fed. R. Civ. P. 5(b)(2)(E) provides that a paper is served under this rule by "sending it to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing—in either of which events service is complete upon filing or sending, but is not effective if the filer or sender learns that it did not reach the person to be served. . . ."

WL 105900 (6th Cir. Mar. 28, 1994) ("the law is settled that an inmate does not enjoy a federal constitutional right to unlimited free photocopying services"); *Hawk v. Vidor*, No. 92-2349, 1993 WL 94007, *1 (6th Cir. Mar. 31, 1993) ("the right to have access to the courts is not interpreted as requiring unlimited access to photocopiers").

Plaintiff also requests a preliminary injunction and temporary restraining order alleging that prison officials have harassed and retaliated against him since his arrival at the Southern Ohio Correctional Facility. Plaintiff seeks an order directing the warden to release plaintiff from punitive segregation and return all of his property and legal material. (Doc. 15 at 8).

In determining whether to issue a preliminary injunction, this Court must balance the following factors:

1. Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;

2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

3. Whether an injunction will cause others to suffer substantial harm; and

4. Whether the public interest would be served by a preliminary injunction.

*Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000); *United Food & Commercial Workers Union, Local 1099 v. Southwest Ohio Regional Transit Authority*, 163 F.3d 341, 347 (6th Cir. 1998); *Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98, 103 n.3 (6th Cir. 1991). The four factors are not prerequisites, but must be balanced as part of a decision to grant or deny injunctive relief. *Leary,* 228 F.3d at 736; *Performance Unlimited v. Quester Publishers, Inc.*, 52 F.3d 1373, 1381 (6th Cir. 1995). A preliminary injunction is an extraordinary remedy that should only be granted "upon a clear showing that the plaintiff is entitled to such relief" and proof that the circumstances clearly demand it. *S. Glazer's Distributors of Ohio, LLC v. Great*

5

*Lakes Brewing Co.*, 860 F.3d 844, 849 (6th Cir. 2017) (citations omitted); *Leary*, 228 F.3d at 739.

This Court finds that plaintiff has not alleged facts sufficient to warrant a preliminary injunction. Plaintiff has made no attempt to apply the above factors to his situation, he has not alleged facts indicating a substantial likelihood of success on the merits of his constitutional claims, and he has not alleged facts showing that he will suffer irreparable harm absent a preliminary injunction. In the event plaintiff succeeds on the merits of his claims, equitable relief is available to correct any constitutional deficiencies in the conditions of plaintiff's confinement.

Moreover, plaintiff has failed to "establish a relationship between the injury claimed in [the preliminary injunction] motion and the conduct asserted in the complaint." *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) (quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)). Plaintiff's motion alleges harassment and retaliation by prison officials for the many cases he has filed against prison employees. In contrast, his complaint asserts that in March 2020, he was placed in an unsanitary cell with inadequate ventilation, was kept in the cell despite a hunger strike, and was denied recreation and medical monitoring. *See also Annabel v. Frost*, No. 17-2263, 2018 WL 5295887, at *2 (6th Cir. Aug. 10, 2018) (denying a preliminary injunction where "[t]he allegations in [the plaintiff's] motion for injunctive relief—that his legal mail has been withheld and that he has been denied meaningful access to the law library—[were] wholly unrelated to the underlying claim[ ]" that the defendants issued false misconduct reports). Plaintiff's motion for preliminary injunction and temporary restraining order should be **DENIED.**

Plaintiff's motion requesting a case status conference is **DENIED**. The Court has ruled on plaintiff's pending motions and sees no benefit to holding a status conference at this juncture.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's motion for preliminary injunction and temporary restraining order (Doc. 15) be **DENIED**.

2. Plaintiff's motion to amend the complaint to add a retaliation claim against defendants Erdos and Galloway (Doc. 14) be **DENIED**.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's and defendants' motions to extend the discovery and dispositive motion deadlines (Docs. 19, 21) are **GRANTED**. The discovery deadline is extended to **July 12, 2021** and the dispositive motion deadline is extended until **August 12, 2021.**

2. Plaintiff's motion for leave to amend the complaint to clarify the conditions of his cell in March and April 2020 (Doc. 14) is **GRANTED**.

3. Plaintiff's motions for leave to file a motion to compel discovery (Docs. 13, 15) are **DENIED**, subject to reconsideration upon the filing of a renewed motion to compel **within 21 days of the date of this Order.**

4. Plaintiff's motion to waive the requirement that plaintiff serve a copy of every further pleading on defendants (Doc. 15) is **DENIED**.

5. Plaintiff's motion for a case status conference (Doc. 15) is **DENIED**.

Date: 5/11/2021

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CORNELIUS L. HARRIS,　　　　　　　　　　Case No. 1:20-cv-336
　　　Plaintiff,　　　　　　　　　　　　　　　　　　Cole, J.
　　　　　　　　　　　　　　　　　　　　　　　　Litkovitz, M.J.
　　vs.

RONALD ERDOS, et. al,
　　　Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

**SAMPLE CERTIFICATE OF SERVICE**

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on _____, 20 (date), I mailed my _____ (name of pleading) to the Clerk of Courts for filing. Upon the Clerk's Office docketing of this pleading, notice of this filing will be sent through the Court's electronic filing system to all parties represented by attorneys who are registered users of the Court's electronic filing system as provided for in Fed. R. Civ. P. 5(b)(2)(E).

A copy of this pleading will be mailed, by ordinary United States Mail, postage pre-paid, to the following unrepresented party/parties this same day:

Party Name #1
Street Address
City, State  Zip-Code

Party Name #2
Street Address
City, State  Zip-Code

                                                                                                _____
                                                                                                Your Signature
                                                                                                Your Printed Name Pro Se
                                                                                                Plaintiff