# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

**CORNELIUS L. HARRIS,**

    **Plaintiff,**

  v.

**RONALD ERDOS, et al.,**

    **Defendants.**

Case No. 1:20-cv-336
JUDGE DOUGLAS R. COLE
Magistrate Judge Litkovitz

## ORDER

This cause comes before the Court on the Magistrate Judge's May 11, 2021, Order and Report and Recommendation ("R&R") (Doc. 22).[1] The Magistrate Judge recommends that the Court (1) deny Plaintiff Cornelius Harris's Motion for Leave to File an Amended Complaint (Doc. 14) to the extent it seeks to add a retaliation claim against Defendants Erdos and Galloway, and (2) deny Harris's Motion for Preliminary Injunction and Temporary Restraining Order (Doc. 15). For the reasons stated more fully below, the Court **ADOPTS** the Report and Recommendation (Doc. 22) in full. Accordingly, the Court **DENIES** Harris's Motion for Leave to File an Amended Complaint (Doc. 14) to the extent it seeks to add a retaliation claim against Defendants Erdos and Galloway, and likewise **DENIES** Harris's Motion for Preliminary Injunction and Temporary Restraining Order (Doc. 15).

To start, the R&R advised Harris and Defendants that failing to object within 14 days could result in forfeiture of rights on appeal, which includes the right to

---

[1] In addition to the recommendations addressed in this Order, the R&R disposed of a number of discovery-related motions that the Court does not address.

District Court review. (*See* Doc. 22, #167). *See also Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed."); *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting "fail[ure] to file an objection to the magistrate judge's R&R … is forfeiture"); 28 U.S.C. § 636(b)(1)(C). Accordingly, the original deadline for objection was May 25, 2021. Defendants filed no objections, nor did they seek an extension of the time to object. As to Harris, the Magistrate Judge twice extended his deadline to object, the most recent extension resulting in a deadline of October 21, 2021. (*See* Docs. 24, 30). That date has passed, and Harris neither objected nor sought additional time to do so.

Nonetheless, although no party objected, the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See also Mavrakis v. Warden*, No. 5:17-cv-2398, 2018 WL 4104187, at *3 (N.D. Ohio Aug. 28, 2018) (reviewing for clear error absent an objection to a Magistrate Judge's R&R); *Mason v. Comm'r of Soc. Sec.,* No. 1:10 CV 2456, 2011 WL 3022016, at *1 (N.D. Ohio July 22, 2011) (same); *Malone v. Nike*, No. 2:18-cv-02505-TLP-cgc, 2020 WL 4106316, at *2 (W.D. Tenn. July 20, 2020) (same).

The Court has reviewed the R&R and determined that it does not contain "clear error on [its] face" with respect to either of its two recommendations. Fed. R. Civ. P. 72(b) (advisory committee notes).

First, the R&R recommends denying Harris's Motion for Leave to File an Amended Complaint (Doc. 14), to the extent that the proposed amended complaint seeks to state a retaliation claim against Defendants Erdos and Galloway. (Doc. 22, #162). Harris filed this motion on February 11, 2021, attaching the proposed amended complaint. The proposed amendments are addressed to two topics. First, Harris adds allegations regarding the state of his cell in support of his already existing claims. (*See id.* at #160; Proposed Am. Compl., Doc. 14-1). Second, the proposed amended complaint also appears to include a new retaliation claim against certain Defendants. Specifically, it alleges that, in retaliation for Harris filing complaints and grievances, Erdos and Galloway ordered maintenance to bolt a metal plate on the bottom of Harris's cell door to "further restrict[] the oxygen" in his cell. (Proposed Am. Compl., Doc. 14-1, #116).

In reaching its recommendation, the R&R correctly noted that leave to amend may be denied where the amended complaint could not survive a motion to dismiss. (R&R, Doc. 22, #161 (citing *Miller v. Calhoun County*, 408 F.3d 803 (6th Cir. 2005))). Here, although the proposed amended complaint alleges the "ultimate fact" of retaliation, it fails to include factual support allowing the Court to plausibly infer that Erdos and Galloway acted in response to Harris's protected conduct. (*See id.* at #161–62). Because a First Amendment retaliation claim requires that the prisoner's protected conduct motivate the alleged adverse action, the R&R found that Harris's failure to include factual allegations to that effect would be fatal to such a claim. The Court finds no clear error in the Magistrate Judge's determination that Harris's bare

3

allegation does not meet federal pleading standards. (*See id.* at #162 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007))).

Second, the R&R recommends denying Harris's Motion for Preliminary Injunction and Temporary Restraining Order (Doc. 15). (R&R, Doc. 22, #165). Harris filed that motion on March 25, 2021, arguing that prison officials have harassed and retaliated against him by withholding his personal property and legal materials and by failing to release him from punitive segregation. (Mot. for Prelim. Inj. and TRO, Doc. 15, #125–27). He asks that the Court enjoin this behavior and order his release from punitive segregation as well as the return of his property. (*Id.* at #127).

Preliminary injunctive relief, however, is an "extraordinary remedy," which requires "a clear showing that the plaintiff is entitled to such relief." (R&R, Doc. 22, #164–65 (quoting *S. Glazer's Distributors of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 849 (6th Cir. 2017))). Courts analyze a plaintiff's preliminary injunction showing with a well-established four-factor balancing test. (*Id.* at #164). These factors include the movant's likelihood of success, the movant's irreparable harm, the possible harm to third parties, and the effect on the public interest. (*Id.* (citing *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000))).

Here, as the R&R observed, Harris failed to even attempt to make the necessary showing with respect to these four factors. (*Id.* at #165). Moreover, the R&R noted that the injury claimed in Harris's motion bears no relationship to the conduct asserted in his Complaint, which the Sixth Circuit has indicated is grounds for denial. (*Id.* (citing *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010))). The Court thus finds

4

no clear error in the Magistrate Judge's recommendation of denial, particularly given that the propriety of preliminary injunctive relief is "a decision left to the sound discretion of the district court." *Colvin*, 605 F.3d at 299 (quoting *Deja Vu of Cincinnati, L.L.C. v. Union Twp. Bd. of Trs.*, 411 F.3d 777, 782 (6th Cir. 2005)).

Accordingly, the Court **ADOPTS** the Report and Recommendation (Doc. 22) in full. The Court thus **DENIES** Harris's Motion for Leave to File an Amended Complaint (Doc. 14) to the extent it seeks to add a retaliation claim against Defendants Erdos and Galloway, and likewise **DENIES** Harris's Motion for Preliminary Injunction and Temporary Restraining Order (Doc. 15).

**SO ORDERED.**

January 6, 2021
**DATE**                                              **DOUGLAS R. COLE**
                                                      **UNITED STATES DISTRICT JUDGE**

5