UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| CORNELIUS L. HARRIS,<br>    Plaintiff, | Case No. 1:20-cv-336<br>Cole, J.<br>Litkovitz, M.J. |
| vs. | |
| RONALD ERDOS, et al.,<br>    Defendants. | REPORT AND<br>RECOMMENDATION |

Plaintiff, an inmate currently incarcerated at the Ohio State Penitentiary[1], initiated this civil rights action in April 2020 pursuant to 42 U.S.C. § 1983. (Doc. 3).

On April 28, 2022, defendants filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56. (Doc. 41). The Court sent plaintiff a notice on April 29, 2022, advising plaintiff that his failure to file a response to the motion within 21 days of the date of service may warrant dismissal of his case under Fed. R. Civ. P. 41(b) for failure to prosecute. (Doc. 42).

On October 18, 2022, the Court issued an Order to plaintiff to show cause, in writing and within fifteen days of the date of its Order, why the Court should not dismiss this case for lack of prosecution. (Doc. 44). The Order notified plaintiff that failure to comply with the terms of the Order could result in a recommendation to the District Judge that this action be dismissed. (*Id.*). To date, plaintiff has not responded to the Court's Order.

"Federal courts possess certain 'inherent powers . . . to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 137 S.Ct. 1178, 1186 (2017) (quoting *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962)). Plaintiff's failure to respond to the Court's Order warrants exercise of the Court's inherent power and dismissal of this case pursuant to Fed. R. Civ. P. 41(b) for failure to

---

[1] At the time of the filing of the complaint, plaintiff was incarcerated at the Southern Ohio Correctional Facility in Lucasville, Ohio. (Doc. 3).

prosecute this matter. *See Link*, 370 U.S. at 630-31; *Jourdan v. Jabe*, 951 F.2d 108, 109-10 (6th Cir. 1991).

**IT IS THEREFORE RECOMMENDED THAT:**

1. The complaint be **DISMISSED** with prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 11/16/2022

Karen L. Litkovitz
Chief United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CORNELIUS L. HARRIS,　　　　　　　　　　　Case No. 1:20-cv-336
　　　Plaintiff,　　　　　　　　　　　　　　Cole, J.
　　　　　　　　　　　　　　　　　　　　　　Litkovitz, M.J.
vs.

RONALD ERDOS, et al.,
　　　Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).