# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

**CORNELIUS L. HARRIS,**

    **Plaintiff,**

    v.

**RONALD ERDOS, et al.,**

    **Defendants.**

**Case No. 1:20-cv-336**
**JUDGE DOUGLAS R. COLE**
**Magistrate Judge Litkovitz**

## ORDER

This cause is before the Court on the Magistrate Judge's November 16, 2022, Report and Recommendation ("R&R," Doc. 45) recommending that this Court dismiss Plaintiff Cornelius Harris's Complaint (Doc. 3) for want of prosecution. For the reason below and given the lack of any objections to the R&R, the Court **ADOPTS** the R&R (Doc. 45) in full and **DISMISSES** Harris's Complaint (Doc. 3) **WITH PREJUDICE**.

Harris, an inmate at the Ohio State Penitentiary, sued Ronald Erdos and various other prison officials on April 28, 2020. After the Magistrate Judge granted his application and affidavit to proceed without prepayment of fees (Doc.1), his complaint was filed on May 20, 2020.[1] (Doc. 3). After some back and forth over Erdos's request for a preliminary injunction and various discovery squabbles, the Defendants moved for summary judgment under Federal Rule of Civil Procedure 56 on April 28, 2022. (Doc. 41). The next day, the Magistrate Judge notified Harris that failure to

---

[1] Harris filed the Complaint while incarcerated at the Southern Ohio Correctional Facility in Lucasville.

respond may warrant dismissal of his case under Rule 41(b). (Doc. 42). That rule gives courts the authority to dismiss for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." Fed. R. Civ. P. 41(b). Harris did not respond to either the Defendants' Motion or the Magistrate Judge's notice.

On October 18, 2022, the Magistrate Judge issued a show cause order demanding Harris explain why the Court should not dismiss his case for failure to prosecute. (Doc. 44). That order required Harris to respond in fifteen days and notified him that failure to comply could result in the Magistrate Judge recommending that this Court dismiss the case. (*Id*.). Harris again did not respond.

The Magistrate Judge then issued the R&R, recommending—as she warned Harris—that this Court dismiss his complaint. (Doc. 45). The R&R also advised the parties that failure to object within 14 days may result in forfeiture of rights, including the right to district court review. (*Id.* at #325). *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed."); *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) (noting "fail[ure] to file an objection to the magistrate judge's R&R ... is forfeiture"); 28 U.S.C. § 636(b)(1)(C).

Neither party objected. Still, the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Redmon*

2

*v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases).

The Court has reviewed the R&R and sees no clear error, indeed no error at all. From Harris's failure to respond to the Defendants' Motion for Summary Judgment (Doc. 41), to his failure to respond to the Magistrate Judge's show cause order (Doc. 44), he has repeatedly failed to prosecute his case. The Magistrate Judge offered Harris multiple chances to respond and justify his lack of cooperation, but he has shown no interest in doing so. *Cf. Palasty v. Hawk*, 15 F. App'x 197 (6th Cir. 2001).

For this reason, the Court **ADOPTS** the R&R (Doc. 45) in full. The Court thus **DISMISSES** Harris's Complaint (Doc. 3) **WITH PREJUDICE**. The Court **CERTIFIES,** under 28 U.S.C. § 1915(a)(3), that any appeal of this Order would not be taken in good faith. The Court **DIRECTS** the Clerk to enter judgment and **TERMINATE** this matter on the Court's docket.

**SO ORDERED.**

December 27, 2022
 **DATE**

  **DOUGLAS R. COLE**
  **UNITED STATES DISTRICT JUDGE**